UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

S.S. DWECK & SONS, INC.,

               Plaintiff,

  - against -

JAMIL HASBANI, ULTIMATE HOME TEXTILES
INC., JAMIL HASBANI DOING BUSINESS AS
BEST VALUE WHOLESALE, PROCUISINE USA
INC. AND DOES 1-10,

               Defendants.

------------------------------------X

12 Civ. 6548 (RWS)

OPINION



A P P E A R A N C E S:

    Attorneys for Plaintiff S.S. DWECK & SONS, INC.

    THE LAW FIRM OF JEFFREY S. DWECK, P.C.
    100 West 33rd St., Suite 1013
    New York, New York 10001
    By: Jeffrey S. Dweck, Esq.

    ROBINSON BROG LEINWAND GREEN GENOVESE & GLUCK, P.C.
    875 Third Avenue, 9th Fl.
    New York, New York 10022
    By: Nicholas Raymond Caputo, Esq.

    SHEARMAN & STERLING LLP
    599 Lexington Avenue
    New York, New York 10022
    By: Nicholas Maurice Menasche, Esq.

    Attorneys for Defendants JAMIL HASBANI et al.

    THE LAW OFFICE OF SHELDON EISENBERGER
    30 Broad Street
    New York, New York 10004
    By: Sheldon Eisenberger, Esq.

**Sweet, D.J.**

Plaintiff S.S. Dweck & Sons, Inc. ("Plaintiff" or "S.S. Dweck") notified the Court via letter of a discovery dispute that had arisen between Plaintiff and Defendants Jamil Hasbani, Ultimate Home Textiles Inc., Jamil Hasbani doing business as Best Value Wholesale, and Procuisine USA Inc. (collectively, the "Defendants"), concerning Defendants' failure to produce material documents and to allow an inspection of the goods at issue. Plaintiff's letter was treated as a motion to compel.

Independently, Defendant filed an objection to the filing of Plaintiff's Amended Complaint pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.

For the foregoing reasons, Plaintiff's motion to compel is granted, and Defendants' objection to the untimely filing of the Amended Complaint is denied.

## I. *PRIOR PROCEEDINGS*

Plaintiff filed this lawsuit on August 27, 2012, and filed an Amended Complaint on June 10, 2013, for injunctive relief and damages arising out of claims of trademark counterfeiting, trademark infringement, false designation of origin and unfair competition, trade dress infringement under the Trademark Act of

1

1946, 15 U.S.C. § 1051, et. seq., as amended by the Trademark Counterfeiting Act of 1984, copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101, et. seq., and unfair competition, conversion, goods sold and delivered, theft of trade secrets, unjust enrichment, palming off, and breach of fiduciary duty under the statutes and common law of the State of New York.

On April 30, 2013, Defendants voluntarily withdrew their motion to dismiss, and on May 20, 2013, Defendants answered Plaintiff's original Complaint.

On May 2, 2013, this Court ordered Fact Discovery due on September 9, 2013, and Expert Discovery and motions due on October 9, 2013. A final pre-trial conference and trial is set for October 28, 2013.

On June 13, 2013, Plaintiff submitted a letter to the Court requesting that the Court compel Defendants' compliance with certain outstanding discovery requests. This motion was marked fully submitted on July 3, 2013.

On June 27, Defendants filed an objection to Plaintiff's filing of the Amended Complaint.

## II. BACKGROUND

S.S. Dweck, a family owned importer of linens, tiles and domestics, brings this action against its former employee and minority shareholder, for allegedly entering the company warehouse and stealing over $400,000 in inventory, which Defendant Hasbani later claimed Plaintiff sold him for the purpose of a new venture. Plaintiff further alleges that upon stealing the inventory in question, Defendants secretly sold, without the authorization of S.S. Dweck, goods bearing the trademark, trade dress and artwork of S.S. Dweck, including UPC codes, law labels and registered Federal Trade Commission RN numbers, in violation of federal trademark and copyright laws and the laws of the State of New York.

On December 31, 2013, Plaintiff served its First Set of Document Demands (the "Document Requests") on Defendants. On April 4, 2013, Plaintiff wrote to Defendants identifying deficiencies in their production and requesting a meet and confer. Defendants' counsel stated in a follow-up telephone call that he believed the document production was complete but would confer further with his clients.

On April 8, Plaintiff again asked Defendants to produce the relevant documents and allow inspection of Defendants' showroom

and the warehouse where Defendants keep the goods at issue in this action.[1]  On May 15, 2013, Plaintiff once again wrote to Defendants' counsel requesting a meet and confer on the previously identified discovery deficiencies.  Defendants did not respond.

On April 30, 2013, Defendants withdrew their motion to dismiss the Complaint without prejudice, and on May 20, 2013, Defendants answered the original Complaint.  On June 10, 2013, Plaintiff filed an Amended Complaint.  On June 27, 2013, Defendants filed an objection to Plaintiff's Amended Complaint as untimely.

On May 28, 2013, pursuant to a Rule 45 subpoena, Plaintiff received a production of documents from Defendants' warehouse, Blue Arrow.  The production included, among other things, over two-hundred emails to and from Defendant Hasbani concerning the goods at issue, as well as bills of ladings and invoices reflecting S.S. Dweck style numbers.  This production by Blue Arrow included many more documents than Defendants had produced, evidencing, according to Plaintiff, that Defendants have failed to produce all relevant documents.  Defendant Hasbani has also

---

[1] With respect to the inspection, Plaintiff has issued a subpoena pursuant to Rule 45 to inspect Blue Arrow Warehousing ("Blue Arrow"), where Defendants keep some (or all) of their goods.  Defendants to date have refused to allow an inspection of their showroom.

4

not produced his e-mails, despite corresponding Document Requests. Plaintiff thus requests that the Court (i) order Defendants to produce all documents responsive to the Document Requests that have not been provided to date, and (ii) direct inspection of Defendants' showroom and its inventory of goods, or alternatively refer the matter to Magistrate Judge Gorenstein to supervise discovery.

Defendants, in turn, assert that they have completed discovery and object to Plaintiff's remaining requests. Additionally, Defendants allege that the filing of the Amended Complaint was untimely, because it was filed over twenty-one days after Defendants' service of their motion to dismiss. *See* F.R.C.P. 15(a)(1).

### III. PLAINTIFF'S MOTION TO COMPEL IS GRANTED

#### A. Document Production

Defendants maintain that they have provided all relevant documents currently in their possession. To the extent Plaintiff has received documentation by third party sources which Defendants have not provided, Defendants explain that as a startup venture, they do not keep comprehensive documentation. Defendants suggest proceeding with depositions, at which point

if Plaintiff discovers documents that Defendants withheld, Plaintiff may raise the issue at that time.

Though Defendants cannot provide documents that are not in their possession, to the extent Defendants have documents in their possession responsive to Plaintiff's Document Requests that have not yet been disclosed, including relevant personal e-mails, they are ordered to provide such documents or information to Plaintiff.

### B. Inspection of the Blue Arrow Warehouse and Defendants' Showroom

In response to the Warehouse inspection, Defendants allege that Plaintiff has never presented any evidence that Defendants sold S.S. Dweck goods other than those that were purchased, manufactured or imported with the knowledge, consent and assistance of Plaintiff, which Defendants have already identified by documentation supplied to Plaintiff. (Defendants' Letter Dated July 3, 2013, "July 3 Letter"; at 2.)[2]  Defendants

---

[2] On February 11, 2013, Defendants responded to Plaintiff's showroom request,

> Mr. Hasbani has a limited amount of S.S. Dweck merchandise to sell.  He also offers goods comparable to the line sold by S.S. Dweck prior to its liquidation.  None of these goods infringe on S.S. Dweck trade marks (sic), codes, numbers, etc.  As for the showroom space itself, I understand that the same is identified as belonging to Ultimate Home [Textiles Inc.] and that all signage concerning S.S. Dweck as long since been removed.

6

thus maintain that the inspection is sought only to harass, intimidate and/or fish for evidence that does not exist. Defendants have, however, offered to provide an inventory of S.S. Dweck goods that remain available for sale.

Because Plaintiff will inspect the Warehouse pursuant to an independent subpoena, the issue with respect to the Warehouse is moot. Defendants have not demonstrated, however, how an inspection of the showroom, if conducted privately, will bring undue harassment or cause undue delay; indeed, the trial remains scheduled for October, and Plaintiff brings this motion to ensure that discovery proceeds. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 ("[D]iscovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discovery."). Additionally, whether Defendants' showroom does, in fact, contain such goods goes to the central issue of the litigation. Defendant is therefore ordered to allow Plaintiff to inspect the showroom.[3]

---

(July 3 Letter, Ex. B.).

[3] Defendants note that Ralph Haber, a principal of Plaintiff, took advantage of an invitation to visit and inspect the showroom earlier this year. This is irrelevant to whether Defendants have complied with Plaintiff's discovery demands.

7

### IV. DEFENDANT'S OBJECTION TO PLAINITFF'S AMENDED COMPLAINT IS DENIED

Defendants maintain that Plaintiff's Amended Complaint is untimely under Rule 15(a)(1), in that it was submitted over twenty-one days after Defendants' motion to dismiss was served. *See* F.R.C.P. 15(a)(1). However, Defendants voluntarily withdrew their motion to dismiss on April 30, 2013 and answered the original Complaint on May 20, 2013. *Id.* Plaintiff then, pursuant to Rule 15(a)(1)(B), had twenty-one days following Defendants' answer to file an Amended Complaint as a matter of course. *Id.* Plaintiff's Amended Complaint, filed on June 10, 2013, was therefore timely. Further, Defendants' objection to the Amended Complaint was filed three days after their time to respond to the Amended Complaint had passed.[4]

In any event, courts "freely give leave [to amend] when justice so requires" under Rule 15(a)(2) unless Defendants can show futility, bad faith, undue prejudice, or delay. *See BNP Paribas Mortg. Corp. v. Bank of Am., N.A.*, 866 F. Supp. 2d 257, 263 (S.D.N.Y. 2012) ("The standard governing motions to amend is a 'permissive' one that is informed by a 'strong preference for

---

[4] Plaintiff also, in response to Defendants' initial e-mail objection to the Amended Complaint, advised Defendants' counsel that if they disagreed with the Amended Complaint filing they should seek guidance from the court. Defendant did not respond, but sixteen days later filed a one-page objection to the Amended Complaint, solely asserting that the Amended Complaint was untimely.

resolving disputes on the merits.'"). Here, only limited discovery has occurred and no depositions have taken place. Nor have Defendants demonstrated any futility, bad faith, undue prejudice or delay in Plaintiff's filing. Defendant's objection is therefore denied and Defendants are hereby ordered to answer the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is granted, and Defendants' objection to Plaintiff's filing of the Amended Complaint is denied.

It is so ordered.

**New York, NY**
**July 27, 2013**

_____
ROBERT W. SWEET
U.S.D.J.